# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

FILED
02 JUL 19 AM 9: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GREENBRIAR VILLAGE, L.L.C., ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v.   ] | CV-01-BE-3066-S |
| ] | |
| CITY OF MOUNTAIN BROOK, ] | |
| ] | **ENTERED** |
| Defendant. ] | JUL 19 2002 |

## MEMORANDUM OPINION

This case is before the court on the Defendant's Motion to Alter, Vacate or Amend[1] (Document 41). After reviewing the submissions of counsel and the court's Order and Memorandum Opinion of May 20, 2002, the court concludes that the defendant's motion is due to be DENIED.

The basic thrust of the defendant's motion rests on two theories: that notice to Saiia Construction complied with the constitutional requirement of notice prior to deprivation of a vested property right and, alternatively, that Greenbriar had post-deprivation remedies available to it. Having reviewed the defendant's arguments and the cases cited by the defendant, the court

---

[1] The defendant, on June 4, 2002, filed its "Motion to Reconsider" (document 39); on June 12, 2002, defendant filed its "Motion for Order that Motion to Reconsider Be Deemed and Treated As A Rule 59(E) Motion to Alter or Amend Judgment" (document 41). This court granted the subsequent motion to treat the first motion as a motion to alter, vacate or amend pursuant to FRCP 59. Therefore, the June 12, 2002 motion will be referred to as a "Motion to Alter, Vacate or Amend."

1

47

fails to be persuaded by the defendant's strained use of inapposite case law, and concludes that the defendant is grasping at straws in an attempt to avoid the consequences of its unconstitutional actions.

Primarily, the City's Motion and Brief focus on various arguments that Saiia Construction was the proper party for constitutionally adequate notice under the Due Process Clause. The defendant, however, fails to support these arguments with applicable precedent or reason. To the contrary, well-established precedent requires that "individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" Dusenbury v. United States, 122 S. Ct. 694, 699 (2002) (quoting United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993). This court previously found – and the City does not contest – that Greenbriar possessed the property interest at issue here. Thus, under prevailing procedural due process doctrine, Greenbriar was entitled to notice, and the City failed to provide that notice. The City's agency arguments do nothing to change this inevitable result and the City failed to articulate any substantiated reason why a letter to Saiia Construction can somehow satisfy the constitutional requirement of notice to the "individual whose property interests are at stake."

The cases on which the City relies either are not analogous, are not controlling or even persuasive, or instead support Greenbriar's position. The case of Scott v. United States, 950 F. Supp. 381 (D.D.C. 1996), illustrates the insufficiency of the authority cited by the City. For example, the reasoning in Scott teaches that "[w]hen the government can reasonably ascertain the name and address of an interested party, it must send '[n]otice by mail or other means as certain to ensure actual notice.'" 950 F. Supp. at 387 (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983). In Scott, the government mailed a forfeiture notice directly to Scott

2

but, for some reason, he did not receive it. Thereafter, the government sent a notice of forfeiture of other assets to the jail where Scott was incarcerated. The notice was returned undeliverable on two occasions, so the government attempted service at Scott's home where his friend signed for the notices, as she had done on four other occasions. 950 F. Supp. at 387. The court found that this notice was constitutionally sufficient because the government attempted "to accomplish actual notice" to the party being stripped of his vested rights. 950 F. Supp. at 387. The court in Scott held that the government "appear[ed] to have acted in good faith" because it attempted on numerous occasions to provide actual predeprivation notice directly to Scott, the party with the vested rights in the forfeited property. 950 F. Supp. at 387.

The holding in Scott does not apply here, and if it did, it supports Greenbriar's position, not the City's. Most importantly, the court in Scott found notice constitutionally adequate because the government attempted to provide predeprivation notice to the affected party on numerous occasions. Here, the City of Mountain Brook never attempted to provide actual predeprivation notice to Greenbriar, who held the vested rights, and, therefore, notice in the constitutional sense was not satisfied.

Second, the discussion in Scott of the agency issue – on which the City hangs it analysis – was ancillary to the court's finding that notice was satisfied. That is, service was attempted on Scott on numerous occasions - twice at the prison, once at Scott's home and once after the government realized that Scott never received actual notice. 950 F. Supp. at 387-88. The notice to an "agent" of the plaintiff came after the numerous attempts at actual notice to plaintiff, the affected party. Here, the City made absolutely no effort to give actual notice to Greenbriar, the affected party, prior to the passage of Ordinance 1485. Thus, the City cannot save itself from this

3

failure to provide predeprivation notice under the reasoning of Scott or any theory of agency articulated in that case, or in the City's brief.

The other cases on which the City relies similarly are not relevant[2] or carry no persuasive weight. The City, thus, failed to offer any applicable or controlling precedent to support its position that Greenbriar's contractor, Saiia Construction, was the proper party for notice of the revocation of Greenbriar's vested rights. The letter sent to Saiia Construction does nothing to satisfy the City's constitutional obligations to Greenbriar as the party with the vested property rights, as discussed in the Memorandum Opinion previously filed.

The vested property rights at issue in this case – the land disturbance permit and the related property rights -- belong to Greenbriar, the landowner, not Saiia Construction, the contractor that Greenbriar engaged to do the permitted earthwork. The landowner, the party with the vested property interests, is the proper party for purposes of constitutionally adequate notice. See, e.g., Walker v. City of Hutchinson, 352 U.S. 112, 115 (1956) ("notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests"). Greenbriar held the permit and it was Greenbriar that lost its vested property rights when the City revoked its permit without any prior notice or an opportunity to be heard. Accordingly, Greenbriar–not Saiia Construction–was entitled to notice.

The question still remains: did the City employ means of notice which "were 'desirous of actually informing' Greenbriar that its permit was about to be permanently terminated"? Mem. Op. at 40 (quoting Dusenbery, 122 S. Ct. at 700). None of the City's arguments establish that it

---

[2]Ex parte Volkswagenwerk, 443 So. 2d 880 (Ala. 1983), and Durbin Paper Stock Co. v. Hossain, 97 F.R.D. 639 (S.D. Fla. 1982) deal with service of process–not constitutionally mandated pre-deprivation notice of action affecting vested rights.

4

employed such reasonable means. For these reasons, as well as those stated in the court's earlier Memorandum Opinion, the court concludes that the City's meager efforts to notify Greenbriar of the impending passage of the ordinance that was specifically drafted to revoke Greenbriar's vested property interest failed to comply with the requirements of procedural due process.

The City, in its motion and initial brief,[3] argued that inadequacy of post-deprivation remedies is an element of all procedural due process claims. As the Fifth Circuit recognized, "under their version of this doctrine, the mere presence of post-deprivation remedies prevents a due process claim. Such interpretation is blatantly misleading and is not the law." Brooks v. George County, Mississippi, 84 F.3d 157, 165 (5th Cir. 1996).

As the Supreme Court explained in Zenirmon v. Burch, 494 U.S. 113, 128 (1990), the cases addressing the availability of post-deprivation remedies do so in situations totally unlike the case at bar – where the government "is truly unable to anticipate and prevent a random deprivation of a liberty interest." 494 U.S. at 132. Unlike those unusual cases, the City acted deliberately and methodically to pass the ordinance that it designed, at least in part, to permanently deprive Greenbriar of its rights under the permit. See e.g., Memorandum Opinion at page 12. This conduct could never be considered an unanticipated random deprivation.

Where, as here, the governmental entity can provide a predeprivation hearing, "it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking." Zenerman, 494 U.S. at 132. Thus, the availability or non-availability of post-deprivation remedies is a not an issue in this case because the City could have provided a

---

[3] In its reply brief the City did not respond to Greenbriar's argument that post-deprivation remedies are irrelevant in this case.

5

predeprivation hearing.

## CONCLUSION

Because the court finds the City's arguments lack merit, it hereby DENIES the Defendant's Motion to Alter, Vacate or Amend.

DONE and ORDERED this 18th day of July, 2002.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

6